# Cases

# THIRD DEPARTMENT,

AT

# GENERAL TERM.

## September, 1883.

---

## THE PEOPLE OF THE STATE OF NEW YORK EX REL. JOHN SWINBURNE, RESPONDENT, v. MICHAEL N. NOLAN, APPELLANT.

*Action to try title to office — right of the relator, after judgment in his favor, to recover the salary received by the defendant — how he should plead his claim — Code of Civil Procedure, sec. 1953.*

In this action, brought to determine the title to the office of Mayor of the city of Albany, a verdict was rendered in favor of the relator and a judgment entered declaring him entitled to the office. Thereafter, upon the application of the relator, an order was made allowing him to file and serve a "suggestion or statement, or supplemental complaint," alleging that he had sustained damages to the amount of $4,005.43 by reason of the defendant's having drawn the salary of the office up to the time of the entry of the judgment; and requiring the defendant within twenty days from the service of a copy of the said suggestion or statement, or supplemental complaint, upon his attorney, to file his answer thereto duly verified.

*Held,* that as, under section 1953 of the Code of Civil Procedure, the relator is entitled to recover his damages in the same action in which his title to the office is established, and as the claim for damages cannot be set forth in the original complaint, but must be alleged in some manner after the judgment upon the right to the office has been rendered, the order was properly granted, except in so far as it compelled the defendant to answer the suggestion under oath.

That this provision should be stricken out of the order, and that as so modified it should be affirmed.

APPEAL from an order made at the Albany Circuit granting leave to the relator, after verdict and final judgment in this action, to file and serve a suggestion or statement, or supplemental complaint, claiming to recover damages against the defendant, and requiring the defendant to file his answer thereto duly verified.

The action was brought to determine the title to the office of mayor of the city of Albany. The complaint alleged that the relator was duly elected to the office, and that the defendant had illegally intruded into and usurped the same, and prayed relief that the relator be adjudged entitled to the office, and for costs and the imposition of a fine of $2,000 upon the defendant. There was no allegation in the complaint averring or claiming damages, or praying any relief for damages.

The defendant allowed a default at the trial, and a verdict was entered that the relator was duly elected to the office and judgment was rendered accordingly. The judgment was given on the 25th day of June, 1883. Four days afterwards the relator presented the following verified supplementary suggestion: "And now, at this day, to wit, the 29th day of June, in the year 1883, at the City Hall, in the city of Albany, before the justice of the Supreme Court, there holding the circuit, comes the said John Swinburne, the above named relator, and, according to the statute in such case made and provided, suggests to the said court and alleges by way of supplement to the complaint herein that he, the said John Swinburne, hath sustained damages to the amount of $4,005.43, by reason of the usurpation by the said Michael N. Nolan of the office of mayor of the city of Albany, in the judgment herein mentioned ; and the said John Swinburne also, in like manner, alleges and suggests upon information and belief that the said Michael N. Nolan has, since the complaint herein was found, received from the chamberlain of the city of Albany as salary belonging and appertaining to said office of Mayor, for and during the period of his usurpation of said office, namely, from the 2d day of May, 1882, up to June 22, 1883, the said sum of $4,005 43, which said sum belonged of right to the said John Swinburne and not to the said defendant.

Wherefore the said John Swinburne prays judgment for his said

damages according to the form of the statute in such case made and provided."

The order appealed from provided "that the relator have leave to file and serve said suggestion or statement, or supplemental complaint, and that the defendant within twenty days after the service upon his attorney of a copy of said suggestion or statement, or supplemental complaint, file his answer thereto duly verified."

*E. Countryman,* for the appellant.

*Henry Smith,* for the respondent.

BOARDMAN, J. :

Section 1953 of the Code of Civil Procedure says, that when a final judgment has been rendered upon the rights to an office in favor of the person alleged to be entitled thereto, he may recover *in the same action* against the defendant the damages, etc. This shows that the proceeding to recover these damages is to be taken *after* the judgment has been rendered. If damages are to be recovered, there must be some trial and that must be had after the judgment on the right to the office. As a preliminary to such trial there must be, according to all good practice, some allegation of the relator's right to damages and some response thereto of the defendant, or a failure to respond. Such an allegation could not be contained in the original complaint, for it is not until *after* judgment on the right to the office that the relator can allege his right to the damages. Indeed it is doubtful whether he has any cause of action for the damages before judgment establishing his right to the office.

Furthermore, if the allegation of damages were contained in the original complaint, it may be doubted whether any damages could be recovered which accrued after the service of the complaint. While on the other hand, the actual damages might be the withholding of a salary down to the time of the judgment on the right to the office.

We think then, that the Code contemplated that the allegations of damages should be made after the judgment upon the right to the office.

Another consideration may be stated. The claim to the office, although often made in part by the relator, is in theory always

made on the part of the people. The theory always is that the people alone have the right to remove the usurper of an office. When the people have done this and have established the right of another person, viz., the relator, he may then have for himself a claim of damages. This he may assert in the same action by a continued proceeding.

There can be no objection, as to such proceeding, in following the provisions of the Revised Statute. (2 R. S., 582, § 34, etc.) The abolition of the writ of *quo warranto* only changed the form. The remedies remained, and one of those remedies was the recovery of damages.

Under section 439 of the Code of Procedure, this recovery of damages was to be "*by action.*" It is said that in the original bill it was " in the action." However this may be, the Code of Procedure, as above cited, is conclusive that the recovery is to be " in the same action."

For the reasons above given the claim for damages cannot be set forth in the original complaint, but must be alleged in some manner after the judgment upon the right to the office. The Code of Civil Procedure must then have intended that the practice of the Revised Statutes should be substantially followed. The Revised Statute practice does not *require* a defendant to answer the suggestions unless he chooses to do so, nor was he required to answer under oath. These requirements should therefore have been omitted, and the order is in that respect modified.

Without indicating that the present proceeding should have been by Special Term order, the defendant's rights are not harmed by the modification suggested, or by an affirmance of the order, since such action leaves him in the position where he claims he should rightfully be, and where the court below may proceed promptly to adjust the rights of the parties as the law requires.

The order as modified is handed to the clerk to be certified on request to the parties to the action.

Learned, P. J., and Bookes, J., concurred.

The order on file is as follows:

" An appeal from an order of the Special Term entered in the Albany county clerk's office in the above entitled action on the 29th

day of June, 1883, having been brought to argument and after hearing Henry Smith, Esq., of counsel for the respondent, and Edwin Countryman, Esq., of counsel for the appellant; it is ordered, that the order so appealed from be modified, so as to read as follows, after the recital therein:

*Ordered,* That the relator have leave to file and serve said suggestion or statement or supplemental complaint, and that the defendant within twenty days after the service upon his attorney of a copy of said suggestion or statement or supplemental complaint, have leave to file an answer thereto, and that this action stand over until July 30, 1883, at 3.30 P. M., at the City Hall in the city of Albany, to which time and place this court is to be adjourned, with leave to either party to make such application or motion herein as said party may be advised.

And it is further ordered, that said order as so modified be and the same is affirmed, without costs to either party.